UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JOSHUA TAYLOR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00384-JRS-MJD |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Petition for a Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Indiana prison inmate Joshua Taylor petitions for a writ of habeas corpus challenging a prison disciplinary sanction imposed in disciplinary case number MCF 19-01-0345. The petitioner's motion to amend, dkt. [17], is **granted**. For the reasons explained in this Order, the habeas petition is **denied**.

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal*, 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

### B. The Disciplinary Proceeding

On January 18, 2019, Indiana Department of Correction ("IDOC") Correctional Officer M. Paul wrote a Report of Conduct charging the petitioner with threatening, a violation of IDOC Adult Disciplinary Code B-213. Dkt. 15-1. The Report of Conduct states:

> On 1/18/2019 at approximately 7:00 pm, I Officer M. Paul, was called via radio to Signal 8 the CHU sally port. Upon arriving I observed Offender Taylor, Joshua #160810 in what looked like pain on the heater by the door. I opened the door and started to talk to the offender. He was completing full sentences with no labored breathing and continued stating that I had to call a signal for any chest pain. The offender stated that he would sue me, taking everything I own, and his people would find my family. The offender was passively resisting mechanical restraints along with refusing to go to his cell 3 separate times before I drew the Taser. When the offender saw the Taser he sprung up and walked to his cell with no noticeable pain or problems. I notified him I would be writing him up on Threatening.

*Id.*

On January 26, 2019, the petitioner was notified of the charge and received a copy of the Screening Report. Dkt. 15-2. He pleaded not guilty and requested to call two witnesses: Offender Devin Johnson and Offender Roy Sullivan. *Id.* The petitioner waived his right to 24 hours advance notice of the disciplinary hearing. *Id.*

In lieu of live testimony, Mr. Johnson and Mr. Sullivan provided written witness statements. Dkts. 15-5, 15-6. Mr. Johnson wrote, "I did not hear Taylor threatening officer. He did what he was suppose[d] to do and I didn't see the officer give him the help he needed." Dkt. 15-5. Mr. Sullivan wrote, "No threats [were] made. Taylor kept falling out and Bengaman did not respond trying to taze offender." Dkt. 15-6.

The disciplinary hearing was originally scheduled for January 31, 2019. Dkt. 15-3. However, on January 31, 2019, the disciplinary hearing was postponed until February 11, 2019. *Id.* at 2. Then, on February 20, 2019, the disciplinary hearing was postponed until "3/1." *Id.* at 1.

For reasons that are not explained in the record, the disciplinary hearing was rescheduled for February 25, 2019, at 8:00 am. There is no indication that the petitioner was provided advanced written notice of the new hearing date, and he failed to appear at the disciplinary hearing on that day. Dkt. 15-4. In a written statement, Officer S. Torres claimed he was working in the LHU pod that morning and "notified all offenders of line movements for the day, at approximately 6:40 AM. I notified Offender Taylor of his 8:00 AM DHB count letter." *Id.* at 2.[1] In his verified petition, however, the petitioner swears that Officer Torres did not inform him that he had a disciplinary hearing that morning due to a mix-up involving his bed assignment. Dkt. 1, p. 3.

At the disciplinary hearing on February 25, 2019, the disciplinary hearing officer was presented with the Report of Conduct and the written witness statements. Dkt. 15-4, p. 1. Because the petitioner was not present at the hearing, he was not able to provide a statement in his defense. *Id.* The disciplinary hearing officer found the petitioner guilty and imposed a deprivation of 30-days earned credit time. *Id*

The petitioner appealed his disciplinary conviction to the Facility Head and the IDOC Final Reviewing Authority. Dkts. 15-8, 15-9. These appeals were denied. *Id.* He then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C. Analysis**

The petitioner raises three grounds for relief, which the Court restates as: (1) he was denied his due process right to be present at the disciplinary hearing; (2) his case was postponed from February 2, 2019, to February 20, 2019; and (3) there is no Report of Disciplinary Hearing. Dkt. 1, pp. 3-4.

---

[1] The plaintiff's motion to amend points out that Officer Torres' written statement does not bear a disciplinary case number.

1. **Right to be Present at the Disciplinary Hearing**

The respondent concedes that inmates have, at the very least, an implied right to attend their own prison disciplinary hearings. Dkt. 15, p. 11. But the respondent argues that the petitioner waived this right by refusing to attend the disciplinary hearing and that, even if he did not waive this right, he has not demonstrated that he was prejudiced by the denial of this right. The petitioner, however, has presented a sworn statement that claims prison officials were responsible for his failure to attend the hearing.

The Court assumes *arguendo* that his right to attend the disciplinary hearing was violated. Nevertheless, the petitioner has not explained how he was prejudiced by the failure of prison officials to ensure his presence at the disciplinary hearing. *See Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003) (The due process rights an inmate has in a disciplinary proceeding are subject to harmless error review.). Accordingly, the petitioner's request for relief on this ground is **denied**.

2. **Postponement of Disciplinary Hearing**

The petitioner argues that his disciplinary hearing was postponed in violation of IDOC policy. Dkt. 1, p. 3. A violation of IDOC policy during a disciplinary proceeding is not a basis for habeas relief unless it overlaps with one of the due process rights outlined in *Wolff* and *Hill*. *See, e.g.*, *Keller v. Donahue*, 271 F. App'x. 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"). The alleged violation of IDOC policy in this case does not implicate the due process rights outlined in *Wolff* and *Hill*. Accordingly, the petitioner's request for relief on this ground is **denied**.

### 3. Report of Disciplinary Hearing

"Due process requires that an inmate subject to disciplinary action is provided a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary actions." *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007) (internal quotation omitted). "Ordinarily a mere conclusion that the prisoner is guilty will not satisfy this requirement." *Saenz v. Young*, 811 F.2d 1172, 1174 (7th Cir. 1987). But when a case is "particularly straightforward," the hearing officer need "only to set forth the evidentiary basis and reasoning for the decision." *Jemison v. Knight*, 244 Fed. Appx. 39, 42 (7th Cir. 2007).

In this case, the petitioner's right to a written statement is satisfied by the Report of Disciplinary Proceeding. Dkt. 15-4, p. 1. Although the petitioner claims that this form is not in his disciplinary file, it has been submitted to the Court in this proceeding. The petitioner has not explained how he was prejudiced by prison officials' alleged failure to provide him with a copy of this report earlier. Furthermore, the petitioner did not present this ground for relief in his administrative appeals and may not do so for the first time on habeas review. *See Lewis v. Sternes*, 390 F.3d 1019, 1025-26 (7th Cir. 2004). The petitioner's request for relief on this ground is **denied**.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles the petitioner to the relief he seeks. Accordingly, the petition for a writ of habeas corpus must be **denied** and the action dismissed.

**IT IS SO ORDERED**.

Date: 6/25/2020

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

5

Distribution:

JOSHUA TAYLOR
160810
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Abigail Recker
INDIANA ATTORNEY GENERAL
abigail.recker@atg.in.gov

Robert Lewis Yates
INDIANA ATTORNEY GENERAL
Robert.yates@atg.in.gov